# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **DARBI BODDY,** | : | **Case No. 3:24-CV-327** |
| | : | |
| **Plaintiff,** | : | **Judge _____** |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **MARY GRECH,** *individually and in her official* | : | **VERIFIED COMPLAINT** |
| *capacity as President of the Board of Education of* | : | |
| *the Xenia Community City School District,* | : | |
| | : | |
| **and** | : | |
| | : | |
| **BOARD OF EDUCATION OF THE XENIA** | : | |
| **COMMUNITY CITY SCHOOL DISTRICT,** | : | |
| | : | |
| **Defendants.** | : | |

> "*I did not abridge her right to speak. I just made it a little harder for her. But we also have the right not to hear what she has to say…. I could have had her removed because the crowd was getting upset.*"
> – MARY GRECH
> President, Xenia Community
> City School District (Nov. 4, 2024)

Now comes Plaintiff DARBI BODDY and, for her *Complaint* herein, alleges as follows:

1.     This is an action for preliminary and permanent injunctive relief, declaratory judgment, and damages arising from the unconstitutional actions and policies, practices, and customs of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT and the unconstitutional actions of MARY GRECH, individually and in her capacity as president of the BOARD OF EDUCATION.

2.     The actions and the policies, practices, and customs of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT, as well as the personal actions of

MARY GRECH, have unconstitutionally restricted and prohibited access by DARBI BODDY to the public forum created and established by the BOARD OF EDUCATION for public participation and comment during the course of public meetings of the BOARD OF EDUCATION, all in violation of the First and Fourteenth Amendments to the United States Constitution.

3.      The actions and the policies, practices, and customs of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT, as well as the personal actions of MARY GRECH, have selectively and in an unconstitutional manner limited, restricted and/or prohibited access by the DARBI BODDY to the public forum created by the BOARD OF EDUCATION for public participation and comment during the course of public meetings of the BOARD OF EDUCATION.

4.      Through its actions and adoption and the implementation of such policies, practices, and customs custom of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT, as well as the personal actions of MARY GRECH, the constitutional rights of DARBI BODDY guaranteed by the First and Fourteenth Amendments to the United States Constitution have been, and continue to be threatened to be, violated by the policies, practices, and customs of the BOARD OF EDUCATION and the actions of MARY GRECH.  The BOARD OF EDUCATION and MARY GRECH have already excluded DARBI BODDY from the public forum of public participation and comment during the course of public meetings of the BOARD OF EDUCATION based solely upon the viewpoint and/or anticipated viewpoint of the statement of DARBI BODDY, and the BOARD OF EDUCATION and MARY GRECH will continue to exclude Plaintiff from such public participation and comment based solely upon the viewpoint and/or anticipated viewpoint of the statements of DARBI BODDY, as well as others.

5.     As a result of the actions and the policies, practices, and customs of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT, as well as the personal actions of MARY GRECH, not only has DARBI BODDY suffered damages, but DARBI BODDY has suffered and will continue to suffer irreparable harm unless the BOARD OF EDCUATION and MARY GRECH are immediately enjoined from their discriminatory prohibition and restriction against the full and robust engagement in speech and speech-related activities of DARBI BODDY and others protected by the First and Fourteenth Amendments to the United States Constitution.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, as this action arises under the Fourteenth Amendments to the United States Constitution; under 28 U.S.C. § 1343(a)(3), in that it is brought to redress deprivations, under color of law, of rights, privileges, and immunities secured by the United States Constitution; under 28 U.S.C. § 1343(a)(4), in that it seeks to recover damages and secure equitable relief under an Act of Congress, specifically, 42 U.S.C. § 1983, which provides a cause of action for the protection of civil and constitutional rights; under 28 U.S.C. § 2201, to secure declaratory relief; under 28 U.S.C. § 2202, to secure other relief, including permanent injunctive and damages; and under 42 U.S.C. § 1988, to award attorneys' fees.

7.     Venue is proper within this judicial district and division pursuant to 28 U.S.C. § 1391(b) and Local Rule 82.1, as (i) Defendants are situated within this judicial district; and (ii) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

**PARTIES**

8.     Plaintiff DARBI BODDY is a citizen and taxpayer of the State of Ohio.

9.     Defendant BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT is the governing body for the Xenia Community City School District and, pursuant to Section 3313.17 of the Ohio Revised Code, is a body politic and corporate capable of suing and being sued.

10.     Defendant MARY GRECH is one of the five members of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT and was selected as the president of the BOARD OF EDUCATION to preside over the meetings of the BOARD OF EDCUATION.  Due to the actions personally taken by her, MARY GRECH is sued in both her individual capacity and in her official capacity.

11.     Pursuant to *Policy No. 0148* of the policies of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT, the president of the BOARD OF EDUCATION "functions as the official spokesperson for the Board."

12.     All actions by the Defendants herein were taken under color of state law.

**FACTUAL ALLEGATIONS**

13.     Similar to many school districts throughout the country, the Xenia Community City School District has recently come under scrutiny regarding the actual or perceived indoctrination of its students to support and accept highly controversial and divisive concepts, including DEI (diversity, equity, and inclusion) and/or CRT (critical race theory).

14.     As a result of the scrutiny regarding the actual or perceived indoctrination of students within school district to support and accept highly controversial and divisive concepts, including DEI (diversity, equity, and inclusion) and/or CRT (critical race theory), significant disagreements

have arisen both within the community even amongst members of BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT.

15.     Additionally, the actual or perceived indoctrination of students within school district to support and accept highly controversial and divisive concepts, including DEI (diversity, equity, and inclusion) and/or CRT (critical race theory), have given rise to individuals being elected to boards of educations who seek to ferret out the actual facts as to whether indoctrination of such highly controversial and divisive concepts is occurring with the schools, regardless of the appellation given to the curricula.

16.     In November 2023, Jeremy Cox was elected to the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT, with his platform including to protecting against divisive curriculum content.

17.     Since becoming a member of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT and in furtherance of protecting against divisive curriculum content, Jeremy Cox has challenged and questioned specifically whether critical race theory is being taught within the Xenia Community City School District.

18.     In response to the efforts of Jeremy Cox as a member of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT to challenge and question divisive curriculum content within the Xenia Community City School District, including critical race theory, certain elements of the uber-liberal educational cabal which dominate public education today have taken a hostile attitude towards such efforts.

19.     In the Xenia Community City School District, instead of allowing the members of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT to debate and ultimately resolve such policy issues amongst themselves, Gabriel Lofton, the

- 5 -

superintendent of the Xenia Community City School District, interjected himself into this policy debate, directly attacking with school resources the efforts of Jeremy Cox as a member on the BOARD OF EDUCATION and stirring up members of the community to oppose Jeremy Cox, even though, in Ohio, a superintendent in subordinate to a board of education.

20.     Nonetheless, on October 9, 2024, Gabriel Lofton, the superintendent of the Xenia Community City School District, used school resources to transmit a letter to members of the community wherein he attacked and criticized Jeremy Cox by name and his efforts at a forthcoming school board meeting on October 14, 2024, to submit a proposal for a curriculum audit.

21.     Also within such letter, Gabriel Lofton, the superintendent of the Xenia Community City School District, engaged in an act of insubordination when he attempted to place undue pressure upon his boss, *i.e.*, the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT, declaring that "I *truly* hope that our Board of Education will collectively be able to move us past this issue once and for all."

22.     A true and accurate copy of the letter of Gabriel Lofton dated October 9, 2024, as published on the website of the Xenia Community City School District, is attached hereto as *Exhibit A*.

23.     On October 14, 2024, the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT held and conducted a regular meeting.

24.     Thus, whether because of the letter of Gabriel Lofton or otherwise, the meeting of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT held on October 14, 2024, was well attended with members of the public both supportive of Jeremy Cox and supportive of Gabriel Lofton.

25.     At the meeting of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT held on October 14, 2024, several members of the public had requested or sought to speak to the BOARD OF EDUCATION during the portion of the meeting designated for public participation and comment.

26.     *Policy No. 0169.1* of the policies of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT is entitled *Public Participation at Board Meetings*.

27.     A true and accurate copy of *Policy No. 0169.1* of the policies of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT as obtained from the website of the BOARD OF EDUCATION is attached hereto as *Exhibit B*.

28.     Pursuant to *Policy No. 0169.1* of the policies of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT, the BOARD OF EDUCATION declared that it "recognizes the value to school governance of public comment on educational issues and the importance of allowing members of the public to express themselves on school matters of community interest."

29.     Consistent with and pursuant to *Policy No. 0169.1*, the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT designated and opened a portion of the meeting of October 14, 2024, for members of the public to make comments regarding educational issues and school matters of community interest.

30.     In fact, pursuant to *Policy No. 0169.1* of the policies of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT, the BOARD OF EDCUATION declared that it "shall provide a period for public participation at every regular meeting of the Board and at those public meetings of the Board during which action may be taken."

31.     Pursuant to *Policy No. 0169.1* of the policies of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT, the BOARD OF EDCUATION provides that, with respect to comments from the public during the period for public participation and comment, "[e]ach statement made by a participant shall be limited to five (5) minutes duration unless extended by the presiding officer."

32.     Additionally, *Policy No. 0169.1* of the policies of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT further provides that "[t]he presiding officer of each Board meeting at which public participation is permitted shall administer the rules of the Board for its conduct."

33.     Thus, as the president of the BOARD OF EDCUATION, MARY GRECH is directly responsible for the administration of rules relating to public participation and comment at meetings of the BOARD OF EDUCATION, including the specific conduct at issue herein that violated the constitutional rights of DARBI BODDY and others.

34.     Similar to several other members of the community, DARBI BODDY requested and was granted access to the public participation and comment portion of the meeting of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT held on October 14, 2024.

35.     During the course of the public participation and comment portion of the meeting of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT held on October 14, 2024, MARY GRECH recognized DARBI BODDY for the allotted five minutes of public comment.

36.     During the course of the public participation and comment portion of the meeting of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT

held on October 14, 2024, DARBI BODDY started to make the following comments to the BOARD OF EDUCATION concerning educational issues and school matters of community interest, in general, and, in particular, the lack of professionalism of the leadership of the Xenia Community City School District (in particular, the superintendent):

> My name is Darbi Boddy and I live in West Chester. I am a previous Board of Education member for the Lakota School District; I am on the board of Protect Ohio Children and represent the southern part of Ohio and the organization responsible for the heat map. I am also a leader for Moms for America in Butler County. I recently heard about the failing Xenia Board of Education and the cowardice superintendent who cannot perform adequately in his role and respond to an inquiring board member –

37.     At approximately the foregoing moment when DARBI BODDY was making her comments during the public participation and comment portion of the meeting of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT held on October 14, 2024, DARBI BODDY had utilized approximately *32 seconds* of the five minutes allotted to her.

38.     At approximately the foregoing moment when DARBI BODDY was making her comments during the public participation and comment portion of the meeting of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT held on October 14, 2024, MARY GRECH interrupted DARBI BODDY and shouted out towards DARBI BODDY threatening to terminate the comments with DARBI BODDY during the public participation and comment portion with the threat of "I will cut your mic".

39.     Though MARY GRECH provided no explanation for her threat to "cut your mic", based upon information and belief, such threat from MARCH GRECH was in response to the viewpoint being expressed by DARBI BODDY of criticizing the superintendent of the Xenia City Community School District, Gabriel Lofton.

40.     Notwithstanding the foregoing threat of MARY GRECH, DARBI BODDY continued making her comments during the public participation and comment portion of the meeting of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT held on October 14, 2024, making the following additional comments to the BOARD OF EDUCATION:

> This superintendent reprimanded the one good board member who was doing [his] due diligence and asking questions so he could better understand the teaching environment, make educated decisions to determine what is best for the students of Xenia and therefore help create an educational environment free of racism and division, as is his job per ORC and school policy.
>
> It appears quite obvious this board and superintendent do not advocate for transparency and want to continue pushing racist and divisive ideologies to the children of Xenia and indoctrinate them into an anti-American agenda –

41.     At approximately the foregoing moment when DARBI BODDY was making her comments during the public participation and comment portion of the meeting of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT held on October 14, 2024, DARBI BODDY had utilized approximately *1 minute, 9 seconds* of the five minutes allotted to her.

42.     At approximately the foregoing moment when DARBI BODDY was making her comments during the public participation and comment portion of the meeting of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT held on October 14, 2024, certain members of the general public in attendance at the meeting started to raise their voices in an effort to drown out the comments of DARBI BODDY.

43.     Even though DARBI BODDY was still at the beginning of the five minutes allotted to her to make her comments during the public participation and comment portion of the meeting of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT

held on October 14, 2024, when members of the general public in attendance at the meeting started to raise their voice in an effort to drown out the comments of DARBI BODDY, MARY GRECH, as the presiding office of the meeting, undertook no efforts whatsoever to control or stop the heckler's veto being perpetrated against DARBI BODDY.

44.     Instead, through taking no action whatsoever to control or stop the heckler's veto being perpetrated against DARBI BODDY by members of the general public in attendance at the meeting of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT held on October 14, 2024, MARY GRECH gave aid and encouragement to the heckler's veto being perpetrated against DARBI BODDY, and, in fact, MARY GRECH ratified the heckler's veto against DARBI BODDY.

45.     The actions and inactions of MARY GRECH vis-à-vis DARBI BODDY during the public participation portion of the meeting of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT held on October 14, 2024, was due to the viewpoint of the comments being expressed by DARBI BODDY in criticism of the superintendent.

46.     While DARBI BODDY attempted to continue making her comments during the public participation and comment portion of the meeting of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT held on October 14, 2024, the BOARD OF EDUCATION terminated the public participation and comment portion of the meeting by summarily recessing the meeting even though DARBI BODDY was at the beginning of her comments and had only utilized *1 minute and 9 seconds* of the five minutes allocated to her.

47.     Before walking out of the room as part of the recessing of the meeting, MARY GRECH proceeded to sternly walk to where DARBI BODDY was attempting to continue her comments to the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT

during the course of the meeting held on October 14, 2024, and MARY GRECH then proceeded to physically grab and seize the microphone provided for public speakers:



48.     Thus, MARY GRECH did not simply "cut [her] mic" as she had previously threatened to do to DARBI BODDY, but MARY GRECH physically took the microphone from DARBI BODDY all because MARY GRECH disagreed with the viewpoint being expressed by DARBI BODDY and as part of her ratification of the heckler's veto against DARBI BODDY.

49.     Accordingly, up until the time that the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT terminated the public participation and comment portion of the meeting held on October 14, 2024, by summarily recessing the meeting, DARBI BODDY had not finished her comments and had only utilized *1 minute, 9 seconds* of the five minutes allocated to her.

50.     However, the action of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT in terminating the public participation and comment portion of the meeting held on October 14, 2024, when DARBI BODDY was speaking was only a temporary action.

51.     Immediately upon reconvening the meeting of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT held on October 14, 2024, following the recess in the middle of the public participation and comment portion of the meeting, the BOARD OF EDUCATION continued the public participation and comment portion of the meeting by recognizing and allowing individuals other than DARBI BODDY to speak.

52.     Thus, during the course of the meeting of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT held on October 14, 2024, the BOARD OF EDUCATION and MARY GRECH afforded those members of the general public who had signed up to speak during the public participation and comment portion of the meeting their full five minutes of time, except for DARBI BODDY who was only allowed to speak for *1 minute, 9 seconds*.

53.     In affording DARBI BODDY less than the full five minutes to speak during the public participating and comments portion of the meeting of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT held on October 14, 2024, the BOARD OF EDUCATION and MARCH GRECH unconstitutionally treated DARBI BODDY substantially different from others similarly situated, *i.e.*, those also speaking during the public participating and comments portion of the meeting, and did so based upon the viewpoint of the comments of DARBI BODDY.

54.     The action of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT in terminating the public participation and comment portion of the meeting held on October 14, 2024, when DARBI BODDY speaking was designed and intended to terminate the comments of DARBI BODDY because of the viewpoint being expressed by DARBI BODDY and such action did, in fact, terminate the comments of DARBI BODDY during the public participation and comment portion of the meeting.

55.     The action of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT in terminating the public participation and comment portion of the meeting held on October 14, 2024, when DARBI BODDY speaking was designed and intended to ratify the heckler's veto by certain members of the general public in attendance at the meeting against the comments and viewpoint being expressed by DARBI BODDY.

56.     After October 14, 2024, the next meeting of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT was held on November 4, 2024.

57.     During the course of the meeting of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT was held on November 4, 2024, Board Member Jeremy Cox specifically called out the action of the BOARD OF EDUCATION in recessing during the meeting on October 14, 2024, and *Policy No. 0169.1* which grants the presiding officer the unfettered power to interfere or terminate with free speech during public remarks, declaring his belief that such action and policy is unconstitutional.

58.     In response to Board Member Jeremy Cox calling out the actions of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT at the meeting of October 14, 2024, and *Policy No. 0169.1*, MARY GRECH self-righteously and arrogantly (though inaccurately) declared "I did not abridge her right to speak.  I just made it a little harder for her.

- 14 -

But we also have the right not to hear what she has to say…. I could have had her removed because the crowd was getting upset."

**First Cause of Action**
**(42 U.S.C. 1983 – First Amendment)**

59.    Plaintiff incorporates by reference the foregoing as if fully restate herein.The actions of MARY GRECH and the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT on October 14, 2024, in terminating the public comments of DARBI BODDY during the course of the public participation and comment portion of the meeting did, in fact, violate the First Amendment to the United States Constitution and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

60.    The actions of MARY GRECH and the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT on October 14, 2024, in terminating the public comments of DARBI BODDY during the course of the public participation and comment portion of the meeting did, in fact, violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

61.    The policies, practices and customs of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT as implemented on October 14, 2024, in terminating the public comments of DARBI BODDY during the course of the public participation and comment portion of the meeting did, in fact, violate the First Amendment to the United States Constitution and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

62.    The policies, practices and customs of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT as implemented on October 14, 2024, in terminating

the public comments of DARBI BODDY during the course of the public participation and comment portion of the meeting did, in fact, violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

63.     The policies, practices and customs of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT and the personal actions, under color of law, of MARY GRECH in her individual capacity has and will continue to unconstitutionally limit, restrict, and/or prohibit the core political speech of members of the public based upon the content and/or viewpoint of any person seeking to speak during the public comment portion of meetings of the BOARD OF EDUCATION.

64.     As a direct and proximate result of the actions and the policy, practice, and custom of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT and the personal actions, under color of law, of MARY GRECH in her individual capacity, DARBI BODDY has suffered injury and damages in not having full and uninhibited access to the public forum created and established by the BOARD OF EDUCATION.

65.     Specifically, at the meeting of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT held on October 14, 2024, DARBI BODDY has had her core political speech squelched, which has deprived her of her constitutional rights to freedom of speech as protected by the First Amendment, the right to petition the government for redress of grievances pursuant to the First Amendment, and the denial of equal protection of the law in violation of the rights afforded by the Fourteenth Amendment.

66.     DARBI BODDY desires to have access at future meetings of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT to the public forum for public comment created by the BOARD OF EDCUATION and to do so with having the

restriction or prohibition imposed upon her based upon the content and/or viewpoint of her comments that concern educational issues and school matters of community interest.

67.    DARBI BODDY desires to have access at future meetings of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT to the public forum for public participation and comment created by the BOARD OF EDCUATION and to do so being treated to others similarly situated, *i.e.*, those members of the general public who have been afforded a full five minute in which make their comments to the BOARD OF EDUCATION.

68.    As indicated on the website of the Xenia Community City School District, the next meeting of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT is scheduled for January 13, 2025.

69.    DARBI BODDY desires to be able to participate in the public participation portion of the forthcoming meeting of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT scheduled for January 13, 2025, or a subsequent meeting, and to specifically criticize, by name, officials with the Xenia Community City School District, including the School District's superintendent.

70.    In light of the past actions by MARY GRECH and the actions by and the policies, practices and customs the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT, and the stifling of such comments against DARBI BODDY at the meeting of October 14, 2024,  DARBI BODDY reasonably anticipates that her desired access to the forum and the ability to engage fully and robustly in core political speech at the forthcoming meeting will be outright denied or severely inhibited based upon her viewpoint and/or content.

71.    As the recipient of the speech of others, DARBI BODDY desires to receive and listen to the core political speech of others at future meetings of the BOARD OF EDUCATION OF THE

XENIA COMMUNITY CITY SCHOOL DISTRICT who seek access to the public forum for public comment created by the BOARD OF EDCUATION and to do so without having the restriction or prohibition imposed upon the speech of others based upon the content and/or viewpoint of the comments that others may make on educational issues and school matters of community interest.

72. As a direct and proximate result of the actions and the policy, practice, and custom of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT and the personal actions, under color of law, of MARY GRECH in her individual capacity, DARBI BODDY has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

73. As a direct and proximate result of the actions and the policy, practice, and custom of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT and the personal actions, under color of law, of MARY GRECH in her individual capacity, including their restriction and prohibition against the right to freedom of speech and to petition the government redress of grievances in the public forum at issue herein, DARBI BODDY is entitled to recover damages for the violation of her constitutional rights.

74. In light of the actions and the policy, practice, and custom of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT and the personal actions, under color of law, of MARY GRECH in her individual capacity, other members of the general public will continue to be denied access to the public forum created and established by the BOARD OF EDUCATION because they desire to make public comment and testimony in that forum that is critical of public employees or officials, in general, and the School District's superintendent, in particular.

75.     The actions and the policy, practice, and custom of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT and the personal actions, under color of law, of MARY GRECH in her individual capacity, in denying DARBI BODDY and others access to the public forum created and established by the BOARD OF EDUCATION for public comment during the course of meetings of the BOARD OF EDUCATION, fails to comply with the standards and requirements for the regulation of activities protected by the First Amendment.

76.     The actions and the policy, practice, and custom of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT and the personal actions, under color of law, of MARY GRECH in her individual capacity, in denying DARBI BODDY and others access to the public forum created and established by the BOARD OF EDUCATION for public comment during the course of meetings of the BOARD OF EDUCATION has been undertaken in violation of the First and Fourteenth Amendments to the United States Constitution.

77.     In order to prevent further violation of the constitutional rights of DARBI BODDY and others by the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT and of MARY GRECH, it is appropriate and proper that a declaratory judgment be issued, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P 57, declaring unconstitutional the actions of the MARY GRECH in her individual capacity, as well as the action and the policy, practice, and custom of the BOARD OF EDCUATION to prohibit or restrict public comments or testimony during meetings of the BOARD OF EDCUATION based upon the content or viewpoint, or the anticipated content or viewpoint, of such comments.

78.     Furthermore, pursuant to 28 U.S.C. § 2202 and Fed. R. Civ. P. 65, it is appropriate, and hereby requested, that this Court issue a preliminary and permanent injunction enjoining the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT and of

MARY GRECH from enforcing the prohibition on the advocacy by DARBI BOODY (as well as others) as part of the public forum created or established by the BOARD OF EDUCATION as part of its meetings.

WHEREFORE, Plaintiff prays for judgment against Defendants and that the Court:

A. Adjudge, decree and declare the rights and other legal relations of the parties to the subject matter in controversy in order that such declarations shall have the force and effect of final judgment and that the Court retain jurisdiction of this matter for the purpose of enforcing the Court's orders;

B. Pursuant to 28 U.S.C. §2201, declare that the action and the policy, practice, and custom of the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT, as well as the actions of MARY GRECH as set forth above, violated the First and Fourteenth Amendments to the United States Constitution;

C. Pursuant to 28 U.S.C. §2202, 42 U.S.C. §1983, and Fed. R. Civ. P. 65 preliminarily and permanently enjoin the BOARD OF EDUCATION OF THE XENIA COMMUNITY CITY SCHOOL DISTRICT and MARY GRECH from enforcing the unconstitutional policy, practice, and custom against DARBI BODDY and others similarly situated now or in the future, order said Defendants to provide equal access to the public forum, and award damages to DARBI BODDY for the actions and conduct of the Defendants herein;

D. Pursuant to 42 U.S.C. §1988 and other applicable law, award Plaintiff costs and expenses incurred in bringing this action, including reasonable attorneys' fees; and

E. Grant such other and further relief as the Court deems equitable, just and proper.

- 20 -

Respectfully submitted,

 */s/ Curt C. Hartman*
Curt C. Hartman
THE LAW FIRM OF CURT C. HARTMAN
7394 Ridgepoint Drive, Suite 8
Cincinnati, Ohio    45230
(513) 379-2923
*hartmanlawfirm@fuse.net*

Christopher P. Finney
Finney Law Firm LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio   45245
(513) 943-6655

*Attorney for Plaintiff*

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, DARBI BODDY , declare the following:

1.      I have personal knowledge of matters alleged in the foregoing Complaint.

2.      The factual allegations contained herein are true and accurate to the best of my knowledge, information and belief, save paragraphs 13 to 19 and 56 to 58.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of December 2024.

Darbi Boddy