UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DARBI BODDY,

      Plaintiff,

vs.

MARY GRECH, *et al.*,

      Defendants.

Case No. 3:24-cv-327

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER GRANTING, PURSUANT TO THE SIXTH CIRCUIT'S MANDATE IN *BODDY V. GRECH, ET AL.*, PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**
**(Doc. No. 2)**

---

Plaintiff Darbi Boddy brings this civil case under 42 U.S.C. § 1983.  Doc. No. 1.  The case is before the Court upon the Sixth Circuit's July 2, 2026 mandate in *Boddy v. Grech, et al.* regarding Plaintiff's motion for a preliminary injunction.  No. 25-3490, 2026 WL 1678609 (6th Cir. June 10, 2026); Doc. No. 29.  Defendants are Mary Grech ("Defendant Grech") and the Board of Education of the Xenia Community City School District ("Defendant Board").  Doc. No. 1.

**I.**

Plaintiff is a resident of Ohio and attended the Xenia Community City School District's Board of Education meeting on October 14, 2024 to speak as part of the "public participation and comment portion" of the meeting.  Doc. No. 1 at PageID 4, 8; Doc. No. 17 at PageID 290-91.  Plaintiff initially sought a preliminary injunction believing Defendants denied her five allotted minutes of public comment before the Defendant Board.  Doc. No. 2 at PageID 29-30.

This Court held a one-day hearing on the merits of Plaintiff's motion for injunctive relief,

heard from 3 witnesses, and issued an 18-page written opinion, making both factual findings and conclusions of law.  The Court found Defendant Grech interrupted Plaintiff during her prepared remarks, recessed the meeting, and seized the microphone from Plaintiff.  Doc. No. 21 at PageID 402-03.  Plaintiff was not given the chance to resume speaking when the meeting continued.  *Id.* at PageID 404.  Plaintiff seeks a preliminary injunction because she would not otherwise be able to "participate fully and uninhibitedly in the public participation portion of the meetings of the [Defendant Board] at its next and at all future meetings."  Doc. No. 2 at PageID 32.  Further, she seeks "to specifically allow public comments explicitly critical of the [Defendant Board] and the School District's superintendent, as well as to control and prevent those in attendance at the forthcoming and all future meetings from engaging in a heckler's veto through shouting or otherwise disrupting the comments of those individuals speaking during the public participation and comment portion of the meeting."  *Id.* at PageID 32-33.

## II.

"A preliminary injunction is an extraordinary and drastic remedy."  *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (citation modified).  A four-factor balancing test applies to preliminary injunction motions: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether [the movant] would suffer irreparable injury without the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether issuing the injunction would serve the public interest."  *Doe v. Cincinnati*, 872 F.3d 393, 399 (6th Cir. 2017) (citing *Planet Aid v. City of St. Johns*, 782 F.3d 318, 323 (6th Cir. 2015)).

## III.

The timeline of the events here in question merits mention.  The school board meeting occurred on October 14, 2024; the complaint and motion for a preliminary injunction were

filed on December 11, 2025; the Court held its hearing on January 8, 2025; post-hearing briefing was filed on March 10, 2025; and the Court issued its decision on June 6, 2025. In so holding, the Court noted the importance of the First Amendment principles here at issue. Doc. No. 21 at PageID 399.

In its preliminary injunction Order, the Court sent the case to mediation. Doc. No. 21 at PageID 414. This was not an aspirational adherence to mediation without a foundational reason; the Court notes that claims in the federal courts are now frequently mediated. *See* Fed. Jud. Center, *Alternative Dispute Resolution in the U.S. District Courts* (2012) https://www.fjc.gov/content/alternative-dispute-resolution-united-states-district-courts-english-original (last visited June 30, 2026) ("The Alternative Dispute Resolution Act of 1998 requires every federal district court to implement an ADR program that offers at least one form of ADR to parties in civil cases"). Had Plaintiff and Defendants been able to reach a resolution in mediation with the magistrate judge mediator on August 22, 2025 when they held their mediation session, Plaintiff would presumably have had an opportunity to address the Board no later than September 2025, less than one year after the original incident. *See id.* ("Parties are often more satisfied with the outcomes and processes available in ADR than in litigation").

**IV.**

Turning to the preliminary injunction as set forth in the Sixth Circuit mandate, the Sixth Circuit has instructed this Court "to issue the requested preliminary injunction." Doc. No. 28 at PageID 444. Thus, the Court **GRANTS** Plaintiff's motion for a preliminary injunction. In her motion, Plaintiff sought a preliminary injunction as follows:

> A. Defendant Mary Grech and Defendant Board of Education of the Xenia Community City School District are **DIRECTED** to permit Plaintiff Darbi Bobby and any other members of the general public access to the public forum created

and established for public participation and comment during the course of the meetings of the Defendant Board at its next and at all future meetings;

B.     Defendant Mary Grech and Defendant Board of Education of the Xenia Community City School District are **DIRECTED** to permit Plaintiff Dabri Boddy and any other members of the general public to use the full time allotted to each person speaking, *i.e.*, five minutes, at the forthcoming and all future meetings of the Defendant Board when the subject matter of such comments concern educational issues and school matters of community interest, including comments containing criticism, by name, of public employees or public officials of the Xenia Community City School District, including the School District's superintendent; and

C.     Defendant Mary Grech and Defendant Board of Education of the Xenia Community City School District are **DIRECTED** to control and prevent those in attendance at the forthcoming and all future meetings of the Defendant Board from engaging in a heckler's veto through shouting or otherwise disrupting the comments of those individuals speaking during the public participation and comment portion of the meeting.

*See* Doc. No. 2 at PageID 28-29; *see also* Doc. No. 20 at PageID 394-95.

This preliminary injunction will remain in place during the pendency of this action.

Defendants are **ADVISED** they must immediately comply with this Order.  Their failure to do so may result in sanctions including, but not limited to, the issuance of a contempt filing.

      **IT IS SO ORDERED.**

July 7, 2026                              s/*Michael J. Newman*
                                           Hon. Michael J. Newman
                                           United States District Judge